MILLER, Respondent, *vs.* McKENNA, Appellant.

1. The manner of serving notices to take depositions is regulated by the act of 1845, concerning "depositions," and not by the new code of practice.

### *Appeal from St. Louis Circuit Court.*

On the trial of this cause, the defendant offered to read in evidence the deposition of McFaddin. It was admitted that McFaddin was absent from the state, and that the notice had been served on the clerk of the plaintiff's attorney, at his office, and that plaintiff at the time resided in St. Louis. The court excluded this deposition. There was a verdict and judgment for the plaintiff, from which the defendant appealed.

*T. B. Hudson,* for appellant.

*H. N. Hart,* for respondent.

GAMBLE, Judge, delivered the opinion of the court.

1. The only question in this case is, whether the provision in the code in relation to the service of notices, article twenty-nine, is repugnant to, and repeals the law which prescribes the mode of giving notice to take depositions. (R. C. 417, sections 6, 7, 8.) It is to be remembered, that while the the act directing the mode of taking depositions provides for notice in writing, and the mode of its service on the opposite party, the act regulating practice at law, (R. C. 806, secs. 13 and 14,) also provides for the service of notice in all cases where, in the progress of a cause, it shall become necessary to give notice. These two acts in the same code were not understood to be repugnant or to cover the same ground, and the act of 1849, which professes "to reform the pleadings and practice in courts of justice," will not be construed to affect the act concerning Depositions, unless there is a clear repugnance. The act of 1849, article 25, sec. 7, itself provides that "the existing laws in regard to depositions and testimony and wit-

17—VOL. XVIII.

nesses, not inconsistent with the provisions of this act, remain in force." The Circuit Court properly excluded the deposition of McFaddin, because there was no notice served as required by the act concerning depositions, and as this is the only point presented for consideration, the judgment is affirmed.